WILLIAMS ET AL., APPELLANTS, *v.* THE STATE OF OHIO, OHIO EXPOSITIONS COMMISSION, APPELLEE.

(No. 86AP-479—Decided December 31, 1986.)

*Steven J. Edwards,* for appellants.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Sheryl L. Creed,* for appellee.

REILLY, J. This is an appeal from a judgment of the Court of Claims of Ohio granting summary judgment in favor of defendant, Ohio Expositions Commission ("defendant"), pursuant to Civ. R. 56. Defendant entered into contracts with plaintiffs, Clarence E. Williams, Richard A. Sanders and Marion E. Evans, Jr., whereby they were to perform services in the position of lineman at the 1983 Ohio State Fair. The contracts entered into between the parties were identical. Each contract stated that:

"The Second Part shall perform in the position of: Lineman for the Party of the First Part as is required and desired at the 1983 Ohio State Fair, to start July 5, 1983 through August 31, 1983. Hours various at the pay rate of $12.00 per hour. Overtime will be incurred. The obligations of the State pertaining to this contract are subject to the provisions of Section 131.17 of the Revised Code. The Ohio Exposi-

tions Commission reserves the right to terminate Party known as Second Part if services are unsatisfactory or no longer needed. Scheduled assignment, dates and hours may be changed or adjusted if necessary."

The Court of Claims, in granting summary judgment for defendant, found that the certification procedure set forth in R.C. 131.17 was not met and, consequently, the contract was neither valid nor enforceable. Also, the Court of Claims held that:

"Defendant legally exercised its contractual right to terminate an at will employment contract which did not conform with the requirements of R.C. Section 131.17 and is not liable in damages therefor. * * *"

The plaintiffs worked as linemen at the 1983 Ohio State Fair for approximately two weeks before being terminated from their positions. There is no evidence in the record that any reason was given for the plaintiffs' dismissals.

Plaintiffs advance the following assignments of error:

"I. Appellee has waived R.C. § 131.17 as a defense by failing to plead it.

"II. Appellee's inequitable conduct prevents it from asserting R.C. § 131.17 as a defense.

"III. R.C. § 991.04 allows appellee to pay appellants without obtaining a certification pursuant to R.C. § 131.17.

"IV. R.C. § 131.17 was complied with and is therefore not available as a defense to appellee."

Former R.C. 131.17 stated that:

"*No contract,* agreement, or obligation involving the expenditure of money entered into by any department, office, board, commission, or other agency of the state, nor any resolution or order for the expenditure of money passed by any such entity, *shall be valid and enforceable, unless the director of budget and management first certifies that there is a balance in the appropriation not already obligated to pay existing obligations.* Any written contract or agreement entered into by the state shall contain a clause stating that the obligations of the state are subject to the provisions of this section."(Emphasis added.)

The trial court found that the plaintiffs were legally terminated from their positions because defendant did not comply with the requirements set forth in R.C. 131.17. That section of the statute, however, essentially involves special contracts where public funds are disbursed or expended. It does not apply to the payment of wages to employees hired by the state, as in this case. R.C. 131.17 is inapplicable whether the employees of the state are hired on a part-time, seasonal, or full-time basis.

Plaintiffs were employees of the state rather than independent contractors. The contracts stated that plaintiffs "shall perform in the position of lineman." The contracts did not provide, for example, that the plaintiffs shall perform the services of a lineman, but shall perform in the specified position as a lineman. Further indicative of an employment relationship was the fact that plaintiffs were paid hourly wages and that they were to incur overtime.

The contracts stated that the plaintiffs would perform in the specified position of lineman, and were to be paid hourly wages as well as incur overtime. Thus, reasonable minds could reach the conclusion that plaintiffs were employees of the state and were not independent contractors. Hence, the issue is whether the plaintiffs were employees at will and could therefore be terminated for any reason.

Plaintiffs' assignments of error do not address the foregoing issue but only whether R.C. 131.17 was properly pleaded as an affirmative defense;

whether defendant was estopped from asserting R.C. 131.17; whether R.C. 991.04 was an exception to R.C. 131.17; and whether there was compliance with R.C. 131.17. Nevertheless, the actual question is whether there was a reasonable expectation of employment throughout the state fair period of time. The determination of the issues raised by plaintiffs is not dispositive of this case since R.C. 131.17 does not apply to such situations.

Generally, a person employed without any agreement as to the period of employment or services is considered to be hired at the will of the employer, and either party may terminate the relationship for any reason not contrary to law. There is nothing, however, to prevent the parties to an employment contract from specifying the term or duration of employment as well as including other provisions which prevent the immediate discharge of employees without cause.

Moreover, the Supreme Court in *Henkel* v. *Educational Research Council* (1976), 45 Ohio St. 2d 249, 74 O.O. 2d 415, 344 N.E. 2d 118, stated in its syllabus:

"In the absence of facts and circumstances which indicate that the agreement is for a specific term, an employment contract which provides for an annual rate of compensation, but makes no provisions as to the duration of the employment, is not a contract for one year, but is terminable at [the] will of either party."

The court in *Henkel, supra,* indicated that there was a strong presumption that a contract for employment is one terminable at will absent contrary terms in the contract which indicate that the employment contract was not terminable at the will of either party.

A significant indication that an employment-at-will contract has not been entered into is when an employment contract specifies a term of employment. The plaintiffs' contracts provide that they were to be employed from July 5, 1983 through August 31, 1983 during the Ohio State Fair. Hence, under the contract, a specified time period was included during which the plaintiffs were to perform in the position of lineman. This is distinguishable from an employee who is hired for an indefinite duration which is the primary characteristic of an employment-at-will relationship.

Moreover, the contract stated that "the Ohio Expositions Commission reserves the right to terminate Party known as Second Part [plaintiffs] if services are unsatisfactory or no longer needed." A reasonable interpretation of this language, when read considering the entire contract, is that as long as the plaintiffs' services were satisfactory and were needed, the plaintiffs had a reasonable expectation that they would continue to be employed by the state in the position of lineman from July 5, 1983 through August 31, 1983. The fact that their assignments, duties, or hours were subject to necessary adjustments does not conflict with such an interpretation.

Defendant contends that the plaintiffs were to perform in the position of lineman as "is required and desired" at the Ohio State Fair. This phrase, according to defendant, demonstrates that the plaintiffs occupied an employment-at-will status.

Plaintiffs could be terminated if their work was unsatisfactory or no longer needed. Defendant, however, does not allege that any reason was given as the basis for terminating the employment of the plaintiffs. The fact that they were to be utilized as "required and desired" does not affect the determination that reasonable minds cannot come to the sole conclusion that plaintiffs entered into an employment-at-will contract and consequently

defendant was not liable for corresponding damages.

Civ. R. 56(C) provides in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions * * * affidavits * * * timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Accordingly, this court finds that there are genuine issues of material fact as to the type of employment relationship which existed between plaintiffs and defendant.

Reasonable minds cannot reach only one conclusion that plaintiffs were employees at will since reasonable minds could also find that defendant unlawfully terminated an employment contract for a specified duration upon which the plaintiffs had a reasonable expectation of continued employment from July 5, 1983 through August 31, 1983.

For the foregoing reasons, the Court of Claims erred in granting summary judgment in favor of the defendant. Plaintiffs' assignments of error are sustained, and the judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

MOYER, P.J., and WHITESIDE, J., concur.